UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ANGEL VIERA,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.:** |
| | : | |
| **v.** | : | **3:15-cv-1292 (VLB)** |
| | : | |
| **KIM WEIR, et al.,** | : | **September 16, 2015** |
| **Defendants.** | : | |

<u>ORDER CONDUCTING AN INITIAL REVIEW AND DENYING APPOINTMENT OF
COUNSEL</u>

Plaintiff Angel Viera, pro se and incarcerated at the Osborn Correctional
Institution in Somers, Connecticut, purports to bring First, Eighth, and Fourteenth
Amendment claims pursuant to 42 U.S.C. § 1983 and supplemental state law
claims for assault, battery, and negligence pursuant to 28 U.S.C. § 1367.  The
complaint, which was undated and received on August 26, 2015, seeks damages
and injunctive relief from prison employees in their individual and official
capacities.  Viera moves for appointment of counsel.  For the following reasons,
the Court DISMISSES the claims for monetary damages against Defendants in
their official capacities without prejudice and without leave to replead, the
access-to-court claim without prejudice and with leave to replead in the event that
Defendants assert an exhaustion defense, the retaliation claim without prejudice
and with leave to replead in 35 days, and claims for negligence with prejudice and
without leave to replead; PERMITS the remaining claims for excessive force,
deliberate indifference, assault, and battery to proceed; and DENIES the motion
for appointment of counsel with leave to refile.

## FACTUAL AND PROCEDURAL BACKGROUND

Viera brings constitutional and state law claims for monetary and injunctive relief against Defendants Warden Kim Weir, Nurse Denise Milroy, Correctional Officer John Doe, Lieutenant Ms. Martinez, and Counselor Verrastro in their official and individual capacities.   Viera's complaint contains the following allegations, which are assumed to be true.   On May 25, 2014, while confined at the Carl Robinson Correctional Institution ("Robinson"), Viera was involved in an altercation with another inmate.   After Viera was knocked unconscious, the other inmate sat on Viera and repeatedly punched him in the face.   A third inmate interceded to stop the fight and escorted Viera to his bunk.

The correctional officer assigned to the dorm called a code.   Defendant Martinez responded with several correctional officers.   Defendants Martinez and Doe followed the trail of blood to Viera's bunk.   Despite Viera's nonresistance, Defendant Doe twisted Viera's right arm behind his back and pinned it there with his knee, fracturing Viera's right ulna.   Defendants Martinez and Doe ignored Veira's complaints of pain and a broken arm.   The video camera operator was not there because he had followed the other inmate who was being escorted out of the housing unit.   Defendant Martinez ordered Defendant Doe to escort Viera to the medical unit without a video recording.   When they reached the medical unit, Defendant Martinez then called for a video camera.

At the medical unit, Viera told Defendant Milroy, a nurse, that he had been unconscious and that Defendant Doe had broken his arm.   Defendant Milroy

2

indicated that Viera may have had a broken nose.  In the medical incident report, she noted a bloody nose, mild swelling, and slow movement of the right arm. Defendant Milroy provided ice for the Viera's nose and Motrin for pain.  She also approved Viera for placement in segregation without summoning a doctor because she was near the end of her shift and wanted to go home.  Further, Defendant Milroy must have been aware that Viera had suffered a head injury because she noted his loose watery stool and poor rectal control, which is consistent with a head injury.

On May 26, 2014, Veira was brought to the medical unit after complaining all night about pain in his face, head, and right forearm.  After the follow-up exam, Viera was taken to an outside hospital for treatment of a broken nose and broken arm.  Between July 2014 and January 2015, the plaintiff submitted many requests in both Spanish and English to the medical department for treatment.  He wrote several complaints to Warden Weir regarding this incident and the denial of proper medical treatment.  He also submitted several grievances.  Nothing was done.

After filing numerous grievances against Defendant Doe, Viera was transferred from Robinson, a medium security prison, to Cheshire Correctional Institution ("Chesire"), a maximum security prison.  Upon his arrival at Cheshire, Viera sought assistance from Defendant Counselor Verrastro to file a grievance regarding the May 2014 incident.  No assistance was provided.  Viera attempted to file the grievance on his own, but it was returned without disposition.

**Discussion**

I.     **Initial Review**

       This Court must review "a complaint in a civil action in which a prisoner
seeks redress from a governmental entity or officer or employee of a
governmental entity."   28 U.S.C. § 1915A(a).   Upon review, this Court must
dismiss the complaint, or any portion thereof, if the complaint fails to state a
claim upon which relief may be granted.   28 U.S.C. § 1915A(b).  However, "[a] *pro
se* complaint should not be dismissed without the Court's granting leave to
amend at least once when a liberal reading of the complaint gives any indication
that a valid claim might be stated."  *Grullon v. City of New Haven*, 720 F.3d 133,
139 (2d Cir. 2013) (internal quotation marks and alterations omitted).  An amended
complaint is rightfully dismissed when it fails to cure the defects noted in an
initial review order.  *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972)
(affirming dismissal without leave to amend of pro se complaint for failure to
state a claim because plaintiff did not fix defects noted in initial dismissal order
granting leave to amend).

       A complaint must plead "enough facts to state a claim to relief that is
plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A
claim has facial plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable for the
misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When reviewing
a complaint for facial plausibility, a district court must "accept[ ] all factual

4

allegations as true and draw[ ] all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011).  Courts should read a pro se complaint with "special solicitude" and interpret the complaint "to raise the strongest claims that it suggests." *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted).

A.    *Monetary Claims Against Defendants in Their Official Capacity*

The Eleventh Amendment divests federal courts of subject-matter jurisdiction over any claims for monetary damages against a state official acting in his official capacity unless the state has waived this immunity or Congress has enacted a valid override.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Section 1983 does not abrogate state sovereign immunity.  *See Quern v. Jordan*, 440 U.S. 332, 341–45 (1979).  "The State of Connecticut has not waived its Eleventh Amendment immunity from suit under 42 U.S.C. § 1983."  *Gyadu v. Appellate Court*, 2009 WL 5110842, at *3 (D. Conn. Dec. 17, 2009) (citing cases therein).  New allegations cannot cure this defect.  Accordingly, all claims against Defendants in their official capacities are dismissed without prejudice and without leave to replead.  *See Hernandez v. Conriv Realty Assocs.,* 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

B.    *Access-to-Court Claim*

Viera alleges that Defendant Verrastro violated his First and Fourteenth Amendment rights by failing to assist him with his prison grievances.  In 1977,

the Supreme Court observed that "prisoners have a constitutional right of access to the courts" and that right, recognized "more than 35 years" earlier, "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 822, 828 (1977).   Courts have disagreed about whether both libraries and legal assistance are required.   *Compare Blake v. Berman*, 877 F.2d 145, 147 (1st Cir. 1989) (prisoners not entitled to both), *with Knop v. Johnson*, 977 F.2d 996, 1005 (6th Cir. 1992) (libraries alone may be insufficient especially where, as here, prisoners may be unable to express themselves in English).   But even when a prison disregards these constitutional mandates, a prisoner may only bring an access-to-court claim if his nonfrivolous suit was frustrated or impeded.   *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Here, assuming that Viera has pleaded sufficient facts to establish entitlement to legal assistance with filing an internal grievance (a requirement for bringing a lawsuit), he has not pleaded facts demonstrating that his lawsuit was frustrated or impeded.   Indeed, the complaint demonstrates that Viera has filed internal grievances and subsequently brought this suit.   *See Smith v. Armstrong*, 968 F.Supp. 40, 48 (D. Conn. 1996) (denying access-to-court claims were "all inmates succeeded in filing claims").   To the extent that the lack of legal assistance may have caused Viera to file a defective grievance, Viera may reallege this claim if Defendants raise an exhaustion defense.   Accordingly, the

6

access-to-court claim, the only claim asserted against Defendant Verrastro, is DISMISSED without prejudice and with leave to replead in the event that Defendants raise exhaustion defense.

C.   *Retaliation Claims*

Viera also alleges that he received a prison transfer shortly after filing numerous grievances about Defendant Doe.  Such allegations are encompassed by the First Amendment, which forbid prison officials from retaliating against a prisoner for exercising his free speech rights.  *See Scott v. Caughlin*, 344 F.3d 282, 287–88 (2d Cir. 2003).  A retaliation claim requires the plaintiff's speech to be protected, the plaintiff to suffer an adverse action, and a causal connection between the two events.  *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009). Plaintiff pleads these elements.  *See Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (grievances are protected); *Morris v. Powell*, 449 F.3d 682, 687 (5th Cir. 2006) (transfer to more dangerous prison constitutes adverse action); *Espinal*, 558 F.3d at 128 (casual connection shown by short time frame).  However, the problem here is that Viera has not asserted who is responsible for the transfer. Without any facts plausibly suggesting a defendant's personal involvement, the Court cannot conclude that Viera has stated a plausible retaliation claim. Accordingly, this claim is DISMISSED without prejudice and with leave to replead in 35 days.

### D.   Negligence Claims

Viera also asserts state law claims for negligence, but any such claims are not actionable and as such fail to state a claim upon which relief can be granted. Under Connecticut law, "[n]o state employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment."   Conn. Gen.Stat. § 4-165. Negligence claims must be asserted against the State itself, but those claims cannot be filed in this Court.   Conn. Gen.Stat. at § 4-147.   Because Defendants acted within the scope of their employment, they are protected from an award of damages against them in their individual capacities.   Accordingly, the negligence claims are DISMISSED with prejudice and without leave to replead.

### E.   Remaining Claims

Viera, however, asserts the following valid claims for:  (1) excessive force, assault, and battery against Defendant Doe based on allegations that Defendant Doe broke his arm, pinned him down with a knee when Viera was not resisting, and caused excessive pain; (2) deliberate indifference against Defendant Milroy for failing to properly treat his medical needs; (3) deliberate indifference against Defendant Martinez for failing to provide medical care, to intervene, and to ensure that Viera was brought to the hospital or prison infirmary; (4) deliberate indifference against Defendant Weir for failing intervene after receiving Defendant Martinez's reports and notification from Viera regarding the use of excessive force and denial of medical treatment.

II.     **Motion for Appointment of Counsel**

Viera seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915.  When ruling a motion for appointment of counsel, a court "should first determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir.1986).  A court should then consider secondary factors, such as "the indigent's ability to investigate the crucial facts, . . . the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination."  *Id.* at 61–62.  Although the Second Circuit has rejected a policy of appointing counsel only after a plaintiff's claim has survived a motion to dismiss, it has cautioned against the routine appointment of counsel.  *Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997).

Although the Court has ruled that some of Viera's claims are plausible, it does not believe the claims meet the higher threshold for appointment of counsel.  For example, the deliberate indifference claims against Defendants Martinez and Doe are belied by the allegations that they took him to get medical treatment.  The deliberate indifference claims against Defendant Milroy are belied by the fact that she provided some treatment and the facts to not clearly demonstrate that his undiagnosed injuries would have been obvious to her.  The deliberate indifference claims against Defendant Weir are predicated on

9

grievances, but higher level officials often receive grievances and it may not have been possible for her to reply to Viera's in the short time frame required to treat Viera's injuries.  Further, Viera has not provided sufficient evidence supporting his claims that several attorneys have declined representation or assistance. Although he refers to attached letters to ILAP, there are no letters attached to the motion.  Thus, the Court cannot determine whether the plaintiff sought assistance from the current legal assistance provider, the Inmate Legal Aid Program, or its predecessor, the Inmates' Legal Assistance Program, and what response he received.  Without this information, the Court cannot determine whether the Viera can obtain legal assistance on his own.   Accordingly, Viera's motion for appointment of counsel is DENIED without prejudice to refiling at a later stage of litigation.

## CONCLUSION

In accordance with the foregoing analysis, the Court ORDERS as follows:

(1) The claims for damages against Defendants in their official capacities are DISMISSED without prejudice and without leave to replead;

(2)    The access-to-court claim against Defendant Verrastro is DISMISSED without prejudice and with leave to replead if Defendants assert an exhaustion defense; Defendant Verrastro should be terminated from this action;

(3) The retaliation claim is DISMISSED without prejudice and with leave to replead in 35 days;

(4) The negligence claims are DISMISSED with prejudice and without leave

to replead;

(5) The Clerk shall verify the current work address of Defendants Weir, Milroy, and Martinez with the Department of Correction Office of Legal Affairs and mail a waiver of service of process request packet to each defendant at the confirmed address within twenty-one (21) days from the date of this Order.  The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d);

(6)    The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs;

(7)    Defendants shall file their response to the Complaint, either an answer or motion to dismiss, within sixty (60) days from the date the waiver form is sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include any and all additional defenses permitted by the Federal Rules;

(8)    Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this Order.  Discovery requests need not be filed with the court;

11

(9)    All motions for summary judgment shall be filed within eight months (240 days) from the date of this Order;

(10)    Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.  Motions for summary judgment must conform to Federal Rule of Civil Procedure 56 and the Local Rule promulgated thereunder. The prescribed Pro Se Notice must be delivered to the plaintiff;

(11)    If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address;

(12)    The Court cannot effect service on Defendant Correctional Officer John Doe without his full name and current work address.  The plaintiff is directed to file a notice containing this information within twenty (35) days from the date of this order.  Failure to timely file the notice may result in the dismissal of all claims against Defendant Doe without further notice from the court; and

12

(13) The plaintiff's motion for appointment of counsel is DENIED without prejudice to refiling at a later stage of litigation.


IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge


Order dated at Hartford, Connecticut on September 16, 2015.